IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COLDWELL BANKER REAL ESTATE, LLC,

                                                                                    OPINION AND ORDER

                Plaintiff,

                                                                   14-cv-206-bbc

    v.

DEREK M. LARSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Coldwell Banker Real Estate, LLC alleges that it and defendant Derek M. Larson were once parties to a franchise contract and that defendant has continued to use plaintiff's trademarks even though the parties' franchise relationship has ended. Plaintiff contends that defendant is infringing and diluting its trademarks and that defendant has breached their contract and been unjustly enriched.

Now before the court is plaintiff's motion for a preliminary injunction against defendant. Dkt. #4. Defendant responded to the motion by admitting to the infringing behavior and promising to stop, but under the doctrine of voluntary cessation, defendant's promise does not moot plaintiff's motion. Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189 (2000) ("It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'") (quoting City of Mesquite v. Aladdin's

1

Castle, Inc., 455 U.S. 283, 290 (1982)).  Because plaintiff's motion is ripe and unopposed, plaintiff appears to be entitled to relief.

However, plaintiff failed to include a proposed injunction with its submissions on the motion.  At the conclusion of its brief in support of its motion, plaintiff says "defendant should be immediately enjoined from utilizing Coldwell Banker Marks and be required to de-identify the websites and such from displaying the marks."  Plt.'s Br., dkt. #5, at 11.  Further, plaintiff says that "[i]f the defendant fails to de-identify as required, grounds exist for relief in order to allow Coldwell Banker to de-identify."  Id.  These statements are too vague to serve as an adequate injunction.  Fed. R. Civ. P. 65(d)(1)(B)-(C) ("Every order granting an injunction and every restraining order must . . . state its terms specifically [and] describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required").

The term "de-identify" is ambiguous as to plaintiff requires of defendant.  Plaintiff must explain more precisely what defendant is expected to do.  Similarly, "websites and such" does not give sufficient notice of which of defendant's properties are infringing plaintiff's marks, so plaintiff must state with greater specificity which properties it intends to include in the injunction.  In addition, plaintiff must explain specifically what it means by "relief in order to allow Coldwell Banker to de-identify," that is, what sort of action does plaintiff believe it may take against defendant?.  Finally, plaintiff must state which of the allegedly infringed upon marks should be included in the injunction.

Accordingly, I am staying a decision on plaintiff's motion until plaintiff provides the

court a proposed injunction that states specifically the terms of the injunction and "the act or acts restrained or required." If defendant opposes the proposed injunction, he may respond; otherwise, a response is not required.

ORDER

IT IS ORDERED that plaintiff Coldwell Banker Real Estate, LLC's motion for preliminary injunction, dkt. #4, is STAYED. Plaintiff must respond as described in this order no later than May 7, 2014. If plaintiff fails to respond, its motion will be denied. If defendant Derek M. Larson chooses to respond to plaintiff's proposed injunction, he must do so no later than May 14, 2014.

Entered this 23d day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge